UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KATHLEEN J. TABOR, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12 CV 138 |
| | ) | |
| KAREN M. MARTIN, individually | ) | |
| and in her capacity as Porter | ) | |
| County Clerk, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on a motion to dismiss plaintiff Kathleen J. Tabor's

First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6), filed jointly by all

defendants: Karen M. Martin, individually and in her official capacity as Porter County,

Indiana, Clerk; Porter County Commissioners John A. Evans, Nancy A. Adams and

Carole Knoblock individually and in their official capacities; the Porter County Board of

Commissioners;[1] and Porter County, Indiana. Briefly stated, Tabor alleges that she was

employed by Porter County, Indiana, under the supervision of defendant Martin, and

that she was continuously harassed by Martin resulting ultimately in the termination of

---

[1] The parties have neither raised nor addressed the issue, but there is no reason to
think that the "Porter County Board of Commissioners" is an entity subject to suit in its
own name. More to the point, the Board is the "corporate entity representing the county
through which it acts, and is in legal contemplation the county." *Owen County Council v.
State*, 95 N.E. 253, 256 (Ind. 1911). Because Tabor has made Porter County a defendant,
she is suing the same entity twice. Doing so is redundant, and so the court will dismiss
the Board on its own motion, subject to reconsideration should Tabor file a
memorandum establishing a reason to keep the Board in this suit as a named defendant.

her employment, on account of her age and as an act of political retaliation.[2] (First

Amended Complaint, DE #38 at ¶ 11; 13; 15; 16.) In addition to that termination, the

complaint alleges other injuries such as loss of employment opportunities, loss of

reputation, and mental/emotional pain and distress (*Id.* at ¶ 27), and it invokes various

legal theories including 42 U.S.C. § 1983, the Age Discrimination in Employment Act (29

U.S.C. 621, *et seq.*, hereinafter, the "ADEA"), the Civil Rights Act of 1991, and Indiana

tort law. (DE #38 at ¶ 7.)

When a complaint is challenged for failure to state a claim pursuant to RULE

12(b)(6), it must be construed in the light most favorable to the non-moving party,

accepting well-pleaded facts as true, and drawing all inferences in the non-movant's

favor. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank*, 595

F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the

FEDERAL RULES OF CIVIL PROCEDURE, the complaint need only contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a)(2). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[2] The complaint also mentions that the actions were on account of a disability. (DE #38 at ¶ 24.) This appears to be an error caused by copying paragraphs from another complaint, the attorney representing Tabor having filed nearly identical complaints of behalf of three other employees. The box for disability discrimination is not checked on Tabor's EEOC charging form. (DE #1 at 6.)

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit has explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

Before discussing defendants' specific arguments for dismissing the complaint, the court must make one overriding observation at the outset: although defendants

move for dismissal of "the complaint" and request "an order dismissing the claims of the Plaintiff, with prejudice," (DE #41 at 3), the complaint pleads that Tabor's employment was terminated on account of her age, and nothing in defendants' motion addresses that claim. Thus, even if defendants' motion is granted, it is a motion for partial dismissal only, and the case will go forward with respect to the age discrimination claim, at the very least, against Tabor's employer, Porter County.

Turning to the arguments defendants do raise, they point out that all official-capacity claims against defendants Martin, Evans, Adams and Knoblock are actually claims against Porter County, and because Porter County itself is also named as a defendant, the official-capacity claims should be dismissed as redundant. Tabor's response is:

> The Porter County Clerk, i.e. Karen Martin, is the entity directly involved. Porter County were alleging responsibility for any wrongs determined to be committed by Karen Martin in her official capacity or any of the other Defendants , then perhaps Plaintiff would amend its complaint again. However, that has not happened. Thus, we are left with suits against all the entities involved and the Porter County Clerk is one of those entities.

(DE #43 at 3.) (Sic.) The court is not even sure what the second sentence in the quotation above is meant to convey, but the court thinks Tabor meant to say "[If] Porter County were [admitting] ~~alleging~~ responsibility for any wrongs determined to be committed by Karen Martin in her official capacity or any of the other Defendants , then perhaps Plaintiff would amend ~~its~~ [her] complaint again."

4

Even if that is what Tabor meant, it misses the point: Porter County is a

defendant, and so Tabor can prove her claims against it by proof of actions taken by

Martin, Evans, Adams and/or Knoblock without having to name them as defendants in

their official capacities. The official-capacity claims are redundant, and will be

dismissed. *See, e.g.*, *Thanongsinh v. Board of Educ.*, 462 F.3d 762, 771 (7th Cir. 2006).[3]

Next, defendants argue that the personal-capacity claims against Martin, Evans,

Adams and Knoblock under the ADEA must be dismissed because the ADEA provides

for employer liability only. Tabor does not respond to this argument, other than to say

that while she agrees that the personal-capacity claims against Evans, Adams and

Knoblock for political retaliation should be dismissed, the "other" personal-capacity

claims "should . . . remain." (DE #43 at 2.) There is no individual liability under the

ADEA. *See Horwitz v. Board of Educ. of Avoca School Dist. No. 37*, 260 F.3d 602, 610 n. 2

(7th Cir. 2001). Tabor's personal-capacity claims against Martin, Evans, Adams and

Knoblock under the ADEA will be dismissed.

Third, defendants argue that any claims for injury other than termination are

beyond the scope of Tabor's EEOC charge and so should be dismissed. The "scope-of-

the-charge" rule prohibits plaintiffs from bringing claims in federal court that were not

---

[3] By the same token, however, the court fails to see how Porter County or any
defendant gains anything by this dismissal. Further, although defendants cite several
cases in which such redundant claims have been dismissed, they have not cited, nor is
the court aware, of any case stating that it is preferable to do so. Nevertheless, because it
simplifies the allegations in this suit, the court will dismiss the redundant official-
capacity claims.

included in the EEOC charge, because doing so frustrates the EEOC's role to investigate and settle claims, and deprives the charged party of notice. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47 (1974). However, claims which are "like or reasonably related to" the allegations in the charge and would be expected to grow out of the EEOC's investigation of the allegations in the charge are not beyond the scope, and may be litigated. *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Here, defendants assert that Tabor's EEOC charge is "explicitly limited to a charge of discriminatory termination," (DE #42 at 7), and so all other claims in the complaint should be dismissed. Defendants describe those claims as: 1) defendant Martin's encouraging Tabor's fellow employees to make false accusations about Tabor; 2) denial of promotions; 3) demotion; 4) unsubstantiated write-ups and reprimands; and 5) creation of a hostile work environment.[4] (*Id.*) However, while defendants quote Tabor's EEOC charge in their memorandum, they ignore that it states that Tabor was terminated or "constructively terminated . . . based upon ongoing harassment and/or false accusations concerning the Claimant's job performance." (DE #1 at 6.) The issues enumerated as claims 1, 4 and 5 above are plainly like or related to the allegations in the charge, and could reasonably be expected to grow out of the EEOC investigation. Those claims will not be dismissed.

---

[4] The court is not aware that there has been any contention interrogatory pinning Tabor down on the matter, and in her response to the motion to dismiss Tabor does not indicate whether she agrees or disagrees with this reading of her complaint.

Demotion and denial of promotion claims are not as closely related, but they are not "wholly independent" employment decisions from harassment and false accusations concerning job performance. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000).[5] Thus, these claims are related enough that they could be expected to grow out of an investigation into constructive termination, harassment, and false accusations concerning job performance, all of which is alleged in Tabor's EEOC charge. Therefore, these claims also will not be dismissed.

Defendants turn next to Tabor's claim that she suffered political retaliation. They argue that her complaint contains insufficient facts to make this claim plausible, as is required by *Twombly/Iqbal*. A prima facie claim of political retaliation requires a plaintiff to show that she engaged in constitutionally-protected conduct, which conduct was a substantial factor motivating the employment decision. *Zerante v. DeLuca*, 555 F.3d 582, 585 (7th Cir. 2009).

Here, Tabor's complaint alleges in conclusory fashion that defendant Martin's actions were "acts of political retaliation," (DE #38 at ¶ 16), without specifying any protected activity that Tabor engaged in prompting the retaliation. Tabor, citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), argues that simply alleging retaliation is enough because under the notice pleading standard, her complaint can be dismissed

---

[5] *Sauzek* is the underlying authority for the case relied on by defendants, *Vela*, 218 F.3d at 664. In addition the present case is not like *Canty v. Walgreens Co.*, 2012 WL 1066765 (N.D. Ind. 2012), the other case defendants cite in support of their argument, because Canty's EEOC charge (available as a public document via the court's CM/ECF system) mentioned termination and nothing more.

only if relief would not be possible under any set of facts consistent with her allegations. (DE #43 at 2, 4.) This is the standard from *Conley v. Gibson*, 355 U.S. 41 (1957), abrogated by *Twombly* and no longer the law. *Twombly*, 550 U.S. at 562-63. Instead, there have to be enough factual allegations in the complaint to "nudge" the claim from the conceivable to the plausible. *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011). For her political retaliation claim, Tabor's complaint falls far short of doing so. Her political retaliation claim will therefore be dismissed.[6]

Last, just as with the political retaliation claim, defendants make a *Twombly/Iqbal* argument as to Tabor's Indiana tort claim for intentional infliction of emotional distress. Tabor responds in the same fashion as before, maintaining that under liberal notice pleading standards, she has done enough because her "complaint cites the exact behaviors that form the substance of this lawsuit" making it then "the proper place of a jury to decide if these behaviors meet the requirements of state law." (DE #43 at 4.)

The problem is, there are no "behaviors" listed in the complaint that smack of the type of conduct needed to colorably state a claim for intentional infliction of emotional distress under Indiana law. Indiana requires conduct that is so extreme that it "goes beyond all possible bounds of decency" and would cause an average member of the community to shout "Outrageous!" *Westminster Presbyterian Church of Muncie v. Yonghong Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013) (quoting *Bradley v. Hall*, 720

---

[6] In addition, as noted above, Tabor admits that defendants Evans, Adams and Knoblock were not personally involved in the acts of political retaliation so, as to them, the claim should be dismissed. (DE #43 at 2.)

N.E.2d 747, 752–53 (Ind. Ct. App.1999) (quoting Restatement (Second) of Torts § 46 cmt. d (1965))). The behaviors pleaded, *e.g.*, a hostile environment consisting of reprimands, harassment, tampering with Tabor's work product, denials of promotions and termination, typically do not rise to that level. *Cf. Harriston v. Chicago Tribune*, 992 F.2d 697, 703 (7th Cir. 1993) (applying Illinois law). After *Twombly/Iqbal*, a plaintiff must allege specific facts to support the claims asserted, *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013), or supply them in response to a motion to dismiss, *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010). Because Tabor has failed to do so, the motion to dismiss her claim for intentional infliction of emotional distress will be granted.

For the reasons explained, defendants' motion to dismiss (DE #41) is **GRANTED** in part and **DENIED** in part. The claims against defendants Karen M. Martin, John A. Evans, Nancy A. Adams and Carole Knoblock, individually and in their official capacities, are dismissed; the claims against Porter County Board of Commissioners are dismissed, and this action will proceed on Tabor's claims against defendant Porter County, only, as limited above.

**SO ORDERED.**

Date: March 5, 2014


                        s/James T. Moody
                        JUDGE JAMES T. MOODY
                        UNITED STATES DISTRICT COURT